FILED
RICHARD W. NAGEL
CLERK OF COURT

2019 JUL 30 AM 11: 10

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN RE APPLICATION OF THE )
UNITED STATES OF AMERICA FOR ) MISC. NO. 2:19 mj 605
AN ORDER AUTHORIZING THE )
INSTALLATION AND USE OF PEN )
REGISTERS AND TRAP AND ) *Filed Under Seal*
TRACE DEVICE FOR )
WHATSAPP MESSENGER ACCOUNT )
FOR PHONE NUMBER )
)
614-9009724 )
)
CONTROLLED BY WHATSAPP INC. )
IN SANTA CLARA, CALIFORNIA )
)

## APPLICATION

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this Application for an Order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and trap and trace device or process ("pen-trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the **WhatsApp Inc. ("WhatsApp") messenger account for phone number 614-9009724** (herein referred to as TARGET DEVICE).

In support of this Application, the United States asserts:

1.  This is an Application made under 18 U.S.C. § 3122(a)(1) for an Order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2.  Such an Application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the Application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a

1

certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Drug Enforcement Administration.

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap device is relevant to an ongoing criminal investigation being conducted by the Drug Enforcement Administration.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated," 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three (3) elements described above, federal law does not require that an Application for an Order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the Order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace device captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10. WhatsApp, Inc. ("WhatsApp") provides an Internet based multimedia messaging service (MMS) via a smartphone application that functions using both cellular and wireless data connections. WhatsApp Messenger is an alternative to traditional cellular short message service (SMS) and MMS and works via the Internet, thus avoiding any charges that normal messages incur. WhatsApp Messenger is a cross-platform mobile messaging application which is available for iPhone, BlackBerry, Android, Windows Phone and Nokia.

11. Cellular telephone service is provided to a cellular handheld device, often referred to as a smartphone, by wireless cellular carriers, such as Verizon, Sprint, or AT&T. SMS text messaging and traditional cellular phone voice communications are provided via a wireless cellular carrier's network. The WhatsApp Messenger application accessible via the smartphone device is transmitted across the Internet using the cellular provider's data connection or a wireless data connection (WiFi access point) such as a home wireless router, or a public wireless hotspot Internet data connection.

12. WhatsApp users may send text messages, audio messages, video messages, and location information between mobile devices with the WhatsApp Messenger application installed. WhatsApp users may also set up and participate in group chats. Each WhatsApp account has a unique account identifier associated with the mobile device's telephone number. When using WhatsApp Messenger to communicate, instead of sending a message to an email address, the message is routed across the internet, via WhatsApp servers located in the United States, from one

mobile device to another. WhatsApp account numbers function similar to the telephone numbers of incoming and outgoing calls, because they indicate origin(s) and destination(s). WhatsApp account numbers can be recorded by pen-trap device and can be used to identify parties to a communication without revealing the communication's content.

13. When using the WhatsApp Messenger application to communicate, the message is routed through servers controlled by WhatsApp. Unlike an e-mail message, which is stored on a network server maintained by the provider, WhatsApp messages are merely routed to a server managed by WhatsApp, which does not store the communication, but simply routes the communication to the receiving mobile device as soon as the receiver is on-line.

## THE RELEVANT FACTS

14. Based on information provided to me by a special agent of the Drug Enforcement Administration, I hereby certify that the investigative agency is conducting an ongoing criminal investigation into possible violations of federal criminal laws by Noe MACEDA-Perez, and other individuals, including an international conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 959, 963, 952, 846 and 841, and 18 U.S.C. § 2 ("SUBJECT OFFENSES"), and that the information likely to be obtained from a pen register and trap and trace device on the TARGET DEVICE is relevant to that investigation.

15. Specifically, according to information provided to me by a special agent of the Drug Enforcement Administration, the Drug Enforcement Administration has learned that Noe MACEDA-Perez is involved in the distribution of cocaine as part of a large drug trafficking organization in the Columbus, Ohio area. A Drug Enforcement Administration special agent informed me that the TARGET DEVICE is listed in the name of Noe MACEDA-Perez with a listed address of 4925 Keelson Drive, Columbus, Ohio, 43232. Therefore, reason exists to believe

that the pen-trap device on the TARGET DEVICE will reveal evidence of Noe MACEDA-Perez's cocaine trafficking organization and the identity of the individuals involved.

16. Moreover, there is reason to believe that, if the users of the TARGET DEVICE were made aware of the government's knowledge of the TARGET DEVICE, the users of the TARGET DEVICE would cease using the TARGET DEVICE and in all likelihood cease communicating with others in the drug organization about the cocaine trafficking scheme, destroy evidence, tamper with witnesses and possibly flee from prosecution. I am informed by the investigating Drug Enforcement Administration special agent, that any of these actions by the users of the TARGET DEVICE would impede the government's investigation.

## GOVERNMENT REQUESTS

17. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen-trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the TARGET DEVICE, to include the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

18. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty (60) days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

19. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order WhatsApp, Inc. and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance

necessary to install the pen-trap device, including installation and operation of the pen-trap device unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the Drug Enforcement Administration, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

20. The United States further requests that the Court order WhatsApp, Inc. and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the Drug Enforcement Administration of any changes relating to the TARGET DEVICE, and to provide prior notice to the applicant and the Drug Enforcement Administration before terminating or changing service to the TARGET DEVICE.

21. The United States further requests that the Court order that the Drug Enforcement Administration and the applicant have access to the information collected by the pen-trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

22. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order WhatsApp, Inc. and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Application and Order, the resulting pen-trap device, or this investigation, unless and until authorized by this Court, except that WhatsApp, Inc. may disclose this Order to an attorney for WhatsApp, Inc. for the purpose of receiving legal advice.

23. The United States further requests that this Application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

24. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with three certified copies of this Application and Order, and provide copies of this Order to the Drug Enforcement Administration and WhatsApp, Inc. upon request.

25. The foregoing is based on information provided to me in my official capacity by agents of the Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2019

                                            Respectfully submitted,
                                            BENJAMIN GLASSMAN
                                            UNITED STATES ATTORNEY

By:   *Kelly Norris* (signature)
        Kelly A. Norris
        Assistant United States Attorney
        303 Marconi Boulevard, Suite #200
        Columbus, Ohio 43215